# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL L. FORSON,**

           **Claimant,**

v.                                       **Case No:  6:18-cv-1929-Orl-18DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

           **Defendant.**

_____

## REPORT AND RECOMMENDATION

Michael L. Forson (Claimant) appeals the Commissioner of Social Security's final decision denying his application for disability insurance benefits. Doc. 1.[1]  In the Complaint, the Claimant contends that the Administrative Law Judge (ALJ) erred in rendering a decision that was not supported by substantial evidence and that contains errors of law, and the Appeals Counsel erred in declining review of the adverse decision.  *Id.*  Claimant requests that the Court set aside the Commissioner's final decision or, in the alternative, remand this cause for further proceedings consistent with the Commissioner's regulations and the law.  *Id.*

For the reasons set forth below, it is respectfully **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and this matter be **REMANDED** for further proceedings.

---

[1] According to the Answer, the Appeals Council granted Plaintiff's request for an extension of time to file a civil action, which extended the deadline to November 8, 2018.  Doc. 30 at 1.  The Complaint was filed on November 8, 2018.  Doc. 1.

I.    **PROCEDURAL HISTORY**

This case stems from Claimant's application for a period of disability and disability insurance benefits.  Doc. 1 at 2.  On January 13, 2016, Claimant filed an application for disability insurance benefits alleging an onset date of June 1, 2014.  *Id.*  The application was initially denied on May 5, 2016.  On June 7, 2016, Claimant filed a request for a hearing, and on October 16, 2017, the hearing was conducted.  *Id.* On March 7, 2018, the ALJ issued a decision denying the benefits. *Id.*  On August 14, 2018, the Appeals Council denied review.  *Id.*

II.    **THE ALJ'S DECISION**

In the decision, the ALJ found that Claimant has the following severe impairments: degenerative disc disease of the thoracic spine; cervical disc herniation with stenosis and mild to moderate compression of the cord; cervical disc bulging status post discectomy and fusion; cervical spondylosis; neuropathy of the left leg; degenerative disc disease of the lumbar spine with radiculopathy; obesity; major depressive disorder; and post-traumatic stress disorder (PTSD).  R. 58-59.

The ALJ found that Claimant has the Residual Functional Capacity (RFC) to perform "light work" as defined in 20 CFR §§ 404.1567(b) and SSR 83-10 with the following specific limitations:

> He can frequently lift and/or carry 10 pounds and occasionally lift and/or carry 20 pounds.  He can sit up to 6 hours out of an 8-hour workday, and he can stand for up to 6 hours out of an 8-hour workday with the ability to alternate sitting and standing every 30 minutes for a 3-5 minute period to adjust positions without leaving his workstation.  He can occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds.  He can never balance or crawl, but he can occasionally stoop, kneel, and crouch, and he can frequently reach.  He should avoid overhead reaching, and he can frequently handle and finger.  He should avoid extreme cold weather, humidity and excessive vibration.  He can perform simple, routine and repetitive tasks, which may require detailed instructions but do not involve complex tasks.

R. 61.  The ALJ also found that Claimant did not engage in substantial gainful activity since June 1, 2014, the alleged onset date.  R. 58.  The ALJ found that there were jobs that existed in significant numbers in the national economy that Claimant could have performed considering his age, education, work experience, and RFC.  R. 67.  The ALJ found that Claimant was not disabled from June 1, 2014 through the date of the decision.  R. 68.

## III.   <u>STANDARD OF REVIEW</u>

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted).  The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   <u>ANALYSIS</u>

Claimant argues that the ALJ erred in evaluating the 80% Disability Rating from the Department of Veteran's Affairs (VA).  Doc. 37 at 16. Claimant states that while the ALJ noted that she gave the VA's determination "little weight," she did not offer good reason for discounting

the rating.  *Id*. at 18.  Claimant asserts that "[t]he treatment record, mainly from VA care (as recounted at length in the Medical History section of this brief), supports [Claimant's] physical and mental impairments and the restrictions these impairments impose, and the overall 80 percent disability rating should have been given greater weight by the ALJ."  *Id*.  In sum, Claimant argues that the ALJ failed to consider the 80 percent rating as defined by 38 CFR § 4.1300, 9411 and did not offer any rationale for dismissing the finding.  *Id*. at 18.

The Commissioner responds that the ALJ considered the VA's disability rating along with the other evidence and concluded that the rating was due little weight.  *Id*. at 20.  The Commissioner argues that the medical evidence, including the VA clinic treatment records, provided substantial evidence to support the ALJ's finding that Claimant was not disabled, and a remand is not warranted.  *Id*. at 22.

The Eleventh Circuit has held that the VA's disability determinations are entitled to great weight but are not binding on the Commissioner.  *See Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984).  When presented with a VA disability determination, "the ALJ must seriously consider and closely scrutinize [the determination] and must give specific reasons if the ALJ discounts [it]."  *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 2016 WL 7157976, at *1 (11th Cir. Dec. 8, 2016).  Accordingly, the ALJ cannot reject the VA's disability determination solely on the fact that it is not binding.  *Gibson v. Comm'r of Soc. Sec.*, 725 F. Supp. 2d 1347, 1351 (M.D. Fla. 2010) (noting that the ALJ may not reject the VA's disability rating due to differing agency standards "without any true analysis of the basis for the VA rating.");  *Hogard v. Sullivan*, 733 F. Supp. 1465, 1469 (M.D. Fla. 1990) ("The ALJ's perfunctory rejection of the VA disability rating as based on different criteria from Social Security disability determinations does not indicate that he accorded it great weight as required by case law.").

Here, the ALJ considered the VA disability decision, stating:

> In making this finding, I have considered the opinions from the Department of Veteran's Affairs (VA) that the claimant has percentages of disability for their purposes (including Exhibit 3F, p. 51 and 8E).[2]  I am mindful that the claimant has been found disabled by the VA and is receiving disability payments from that agency.  However, the Social Security Administration makes determinations of disability according to the Social Security law, therefore a determination of disability by another agency is not binding on this Administration.  (20 C.F.R. 404.1504 *20 CFR 416.904]*.  However, it has been considered along with all the evidence, but is given little weight as to the residual functional capacity and disability finding for purposes of Social Security benefits.

R. 66 (emphasis in the original).

Accordingly, the ALJ considered the VA's disability determination but did not provide it great weight because: (1) the VA's standard for establishing disability differs from the Commissioner's and is not binding; and (2) the ALJ's review of the medical evidence supported a finding that Claimant is not disabled under the applicable law.  *Id*.  As stated, an ALJ cannot reject a VA disability determination based on the fact that it is not binding.  *See Gibson*, 725 F. Supp. 2d at 1351; *Hogard*, 733 F. Supp. at 1469.  Standing alone, the ALJ cannot assign the rating little weight simply because it was made by another agency.

While the ALJ mentions that she considered the rating along with all the evidence, she did not provide *specific reasons* for discounting the VA's disability decision as is required.  *See Brown-Gaudet-Evans*, 2016 WL 7157976, at *1; *see also Custodio v. Comm'r of Soc. Sec.*, 2017 WL 2417066, at *3 (M.D. Fla. May 16, 2017), *rep. and recommendation adopted by* 2017 WL

---

[2] Exhibit 3F, pg. 51 is a consult request dated which provides "SC Percent:  80%."  R. 371.  Exhibit 8E is an order from the United States Army Physical Disability Agency providing that Claimant has a 70% disability rating.  R. 253.  The Order is dated May 10, 2016.  *Id*.  According to the Joint Memo, "[Claimant] received an overall 80 percent service-connected disability from the VA with 50 percent attributed to his PTSD and the other 30 percent derived from an aggregation of his physical ailments, including paralysis of the middle radicular nerves and degenerative arthritis of the spine."  Doc. 37 at 7, citing R. 425.

240696 (M.D. Fla. June 2, 2017) (finding conclusory the ALJ's statement that the medical evidence was considered because specific citations to the evidence were not provided.); *Nice v. Comm'r of Soc. Sec.*, 2018 WL 823139 (M.D. Fla. Feb. 12, 2018) (finding that the ALJ failed to sufficiently scrutinize the VA's determination at issue and explain the reasons for discounting it.); *Smith v. Comm'r of Soc. Sec.*, 2017 WL 4271705, *5 (M.D. Fla. Sept. 26, 2017) (finding that even though the decision thoroughly discussed the medical evidence of record, the ALJ failed to discuss the claimant's disability ratings, and why the ratings were entitled to little weight based on the evidence from the relevant period.).

Preceding the ALJ's discussion of the VA rating, the ALJ does provide an analysis of the record evidence.  However, the ALJ never discussed the VA disability rating and how it relates to "all the evidence" warranting a "little weight" determination.  There is nothing *specific* to show that the discussion of the evidence was intended to support the "little weight" assignment.  In other words, the statement that the rating has been considered along with all the evidence is insufficient. The undersigned finds that the ALJ's failure to offer the specific reasons why the VA's decision was discounted, beside the fact that the rating is not binding, requires remand.  Moreover, the error is not harmless because it may alter the ALJ's step four determination.

Claimant's remaining arguments concern the ALJ's evaluation of Claimant's subjective complaints of pain and the "crafting" of the RFC.  Doc. 37 at 16.  If the Court agrees with this recommendation, then there is no need for the Court to address these claims.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n. 3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors.).

V.      **CONCLUSION**

For the reasons stated above, it is **RECOMMENDED** that the Court:

1.      **REVERSE** and **REMAND** the final decision of the Commissioner; and

2.      Direct the Clerk to enter judgment in favor of Claimant and against the
Commissioner and close the case.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and
Recommendation's factual findings and legal conclusions. A party's failure to file written
objections waives that party's right to challenge on appeal any unobjected-to factual finding or
legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R.
3-1.

        **DONE** and **ORDERED** in Orlando, Florida on November 14, 2019.

                                        DANIEL C. IRICK
                                        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Janice E. Barnes-Williams
Administrative Law Judge
Social Security
3520 S Noland Rd Ste C
Independence, MO 64055-3375