# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL L. FORSON,**

    **Plaintiff,**

v.                                    Case No: 6:18-cv-1929-Orl-18DCI

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

THIS CAUSE comes for consideration on Plaintiff Michael L. Forson's ("Forson") appeal from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB"). (*See* Doc. 1 at 1.) On November 14, 2019, the United States Magistrate Judge issued a report and recommendation (the "Report and Recommendation") (Doc. 38) recommending that the Commissioner's decision be reversed. (*Id.* at 7.) On November 19, 2019, the Commissioner filed objections to the Report and Recommendation (Doc. 39), to which Forson responded on November 26, 2019 (Doc. 40). As set forth below, the Court respectfully declines to adopt the Report and Recommendation and will affirm the Commissioner's decision.

### I. BACKGROUND

In January 2016, Forson filed a Title II application for a period of disability and DIB. (Administrative Record filed as Docket # 31, hereinafter referred to as "R") (R. 56, 147-48), alleging a disability onset date of June 1, 2014 (the "alleged onset date"). (R 56, 58, 147.) Forson's claims were denied initially and, upon Forson's request, administrative law judge ("ALJ") Janice

E. Barnes-Williams ("ALJ Barnes-Williams") held a hearing on October 16, 2017 (the "2017 Hearing"). (R. 21, 56, 74-85.) Forson, represented by counsel, appeared and testified at the 2017 Hearing. (R. 21-40, 56.) A vocational expert, Susan J. Johnson ("VE Johnson"), also testified at the 2017 Hearing. (R. 40-44, 56.) On March 7, 2018, ALJ Barnes-Williams issued an unfavorable decision (the "2018 Decision") (R. 56-69), determining that Forson is not entitled to DIB. (R. 69.) Forson argues that ALJ Barnes-Williams erred in (1) evaluating his 80% disability rating from the Department of Veterans Affairs (the "VA"), (2) evaluating his subjective complaints of pain, and (3) crafting a flawed residual functional capacity assessment ("RFC"). (*See* Doc. 37 at 16-39.)

On November 8, 2018, after he exhausted his administrative remedies,[1] Forson filed his Complaint for Judicial Review with the Court. (Doc. 1.) On March 13, 2019, the Commissioner filed a certified copy of the record of administrative proceedings pertaining to Forson's case. (Doc. 31.) Then, on July 1, 2019, the parties submitted their Joint Memorandum of Law (Doc. 37) addressing their respective positions. (*See id.*) Subsequently, the United States Magistrate Judge entered the Report and Recommendation, recommending that the Commissioner's decision be reversed and that Forson's case be remanded based on "the ALJ's failure to offer the specific reasons why the VA's decision was discounted, beside the fact that the rating is not binding." (Doc. 38 at 6.) Notably, the Report and Recommendation does not analyze Forson's remaining arguments as to the ALJ's alleged errors in evaluating Forson's subjective complaints of pain and his RFC. (*See id.* at 6.) The Court will separately address Forson's arguments concerning ALJ Barnes-Williams's alleged errors.

---

[1] On August 14, 2018, upon Forson's request for review of ALJ Barnes-Williams's decision, the Social Security Administration's Appeals Council denied review. (R. 46-49.)

## II. STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. *See McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *see also* 42 U.S.C. § 405(g), § 1383(c)(3). An ALJ's factual findings shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g), § 1383(c)(3). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing, *inter alia, Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid. *Keeton v. Dept. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991), and *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Id.* (citing *Cornelius*, 936 F.2d at 1146, and *Martin*, 894 F.2d at 1529). Additionally, a court reviewing the Commissioner's decision must "view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). However, the reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth*, 703 F.2d at 1239.

## III. DISCUSSION

1. *The ALJ's Evaluation of the Department of Veterans Affairs 80% Disability Rating*

Forson maintains that ALJ Barnes-Williams erred in evaluating the 80% disability rating

that he received from the VA. (Doc. 37 at 16.) Although ALJ Barnes-Williams gave the VA's determination "little weight," she purportedly failed to offer sufficient reasoning for discounting the disability rating. (*Id.* at 18.) Forson asserts that "[t]he treatment record, mainly from VA care (as recounted at length in the Medical History section of this brief), supports [Forson's] physical and mental impairments and the restrictions these impairments impose, and the overall 80 percent disability rating should have been given greater weight by the ALJ." (*Id.*)

The VA's disability determinations should generally be given great weight, but they are not binding on the Commissioner. *See Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (citations omitted). While the Commissioner is not required to give controlling weight to the VA's disability determination, "the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination." *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016). Still, the ALJ is not required to state the precise amount of weight assigned to the VA's disability determination. *See Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854, 856-57 (11th Cir. 2013) ("Adams contends that the ALJ must state how much weight he assigned to the VA determination, but this contention is meritless."). Further, although the ALJ cannot reject the VA's disability determination solely on the fact that it is not binding, it is not necessarily error for an ALJ to give an agency's disability findings less than substantial weight where the agency's standards deviate markedly from the Commissioner's standards. *Hacia v. Comm'r of Soc. Sec.*, 601 F. App'x 783, 785-86 (11th Cir. 2015) ("Nor, if the other agency's standard for determining disability deviates substantially from the Commissioner's standard, is it error for the ALJ to give the agency's finding less than substantial weight.").

In discussing Forson's RFC, the ALJ specifically stated:

> In making this finding, I have considered the opinions from The Department of Veteran's Affairs (VA) that the claimant has percentages of disability for their purposes (including Exhibits 3F, p.51 and 8E). I am mindful that the claimant has been found disabled by the VA and is receiving disability payments from that agency. However, the Social Security Administration makes determinations of disability according to the Social Security law, therefore a determination of disability by another agency is not binding on this Administration. (20 C.F.R. 404.1504 *[20 CFR 416.904]*). However, it has been considered along with all the evidence, but is given little weight as to the residual functional capacity and disability finding for purposes of Social Security Benefits.

(R. 66) (emphasis in original).

Prior to giving the VA's disability rating little weight, the ALJ considered the rating in conjunction with record evidence. The ALJ also noted that the Social Security Administration's disability determination standards differ from the VA's disability determination standards. After review of the record in this case, including but not limited to the medical evidence of record, the transcript of the 2017 Hearing (R. 21-45), and the 2018 Decision, the Court finds that substantial evidence supports ALJ Barnes-Williams's disability findings. Forson fails to show that he is more limited than found by ALJ Barnes-Williams, and any error in ALJ Barnes-Williams's failure to provide specific reasons for discounting the VA's disability rating is harmless because articulation of additional, detailed reasons would not change the ultimate finding regarding disability. *See Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856, 856) (11th Cir. 2013) ("We have also declined to remand for express findings when doing so would be a 'wasteful corrective exercise" in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision." (citations omitted)).

2. *The ALJ's Evaluation of Forson's Subjective Complaints of Pain*

Forson argues that ALJ Barnes-Williams improperly dismissed his subjective complaints of pain, stating that "[t]o the extent that ALJ Barnes-Williams explained her rationales for dismissing [Forson's] testimony and other statements, they were improper and relied upon

mischaracterizations of the medical record in order to discount [Forson's] subjective complaints." (Doc. 37 at 24-25.) Forson states that the ALJ "made critical factual errors in her analysis" and "also erred by not taking into account [Forson's] persistent efforts to seek treatment for his pain and other symptoms as required by 20 C.F.R. § 1529(c)(3)." (*Id.* at 26.) Allegedly, "[t]he ALJ also failed to adequately consider the side effects of [Forson's] medication as required by SSR 16-3p, SSR 86-8p, and 20 C.F.R. § 404.1529(c)(3)(iv)." (*Id.*)

In order to prove disability based on subjective complaints, a claimant must provide evidence of an underlying medical condition, as well as objective medical evidence confirming the severity of his alleged symptoms or evidence establishing that his medical condition could be reasonably expected to give rise to his alleged symptoms. *See* 20 C.F.R. § 404.1529(a); Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029; *Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002). When a claimant establishes that he has an impairment that could reasonably be expected to produce his alleged symptoms, the ALJ must then evaluate the intensity and persistence of the claimant's subjective complaints of pain or other symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. § 404.1529(c)(d); SSR 16-3p. An ALJ's decision to discount a claimant's subjective complaints of pain or other symptoms will be reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F. 2d 837, 839 (11th Cir. 1992). Provided the ALJ's evaluation of a claimant's subjective complaints is specific enough to conclude that the ALJ considered the claimant's condition as a whole, the ALJ need not specifically reference every piece of evidence in the record. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005.)

As delineated in the 2018 Decision, ALJ Barnes-Williams found:

[Forson] has the following severe impairments: degenerative disc disease of the thoracic spine; cervical disc herniation with stenosis and mild to moderate compression of the cord; cervical disc bulging status post discectomy and fusion; cervical spondylosis; neuropathy of the left leg; degenerative disc disease of the

lumbar spine with radiculopathy; obesity; major depressive disorder; and post-traumatic stress disorder (PTSD) (20 C.F.R. 404.1520(c)).

(R. 58-59.) According to ALJ Barnes-Williams, Forson's medically determinable impairments could reasonably be expected to produce his alleged symptoms; however, Forson's statements as to the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. (R. 62.) In support, ALJ Barnes-Williams referenced medical evidence and symptom allegations found in the record pertaining to Forson's treatments and examinations that took place at numerous points prior to and after Forson's 2014 neck surgery. (*See* R. 61-67.) As ALJ Barnes-Williams noted, Forson underwent surgery on his cervical spine in July 2014 and "[s]ince his neck surgery, [Forson] has been involved in ongoing therapy, including injections, physical therapy, and pain medication for his neck and back pain." (R. 62-63.) In January 2015, Forson reported that his condition had substantially improved since his neck surgery and, at an August 2015 appointment, Forson exhibited full muscle strength and a non-antalgic gait, along with the ability to do a heel/toe walk and deep knee squat. (R. 63, 395, 644.) Moreover, at his February 2016 annual exam, Forson denied being depressed or anxious, demonstrated a normal range of motion in all extremities, did not exhibit any gross motor or sensory defects, Forson's cranial nerves 2-12 were intact, and Forson is listed as not having any muscle aches or pains. (R. 1420-22.) Notably, at an August 2016 neurological consultation, Forson stated that he had temporary improvement following his neck surgery but has also suffered from "nerve damage" and severe, constant pain. (R. 1414.) However, Forson's examination findings include findings that Forson had full strength and normal sensation in his upper extremities, a supple neck with full range of motion and no obvious structural cause for his neck pain complaints, a seemingly normal memory, and a stable gait without assistance. (R. 1415.) Medical evidence also reflects that, in April 2017, Forson could raise both arms overhead easily, demonstrated a 5/5

strength in almost all muscle groups, and that Forson's nerve conduction studies were normal. (R. 64, 1466, 1469.)

Forson's medical records, as filed with the Court, are replete with medical test results, medical opinions, treatment notes, and symptom allegations that Forson has made over the course of multiple years. Importantly, the record contains evaluations of Forson's mental health that ALJ Barnes-Williams's referenced in the 2018 Decision as grounds for discounting Forson's symptom allegations pertaining to his mental health limitations. (*See* R. 65-67.) Forson's mental status examinations consistently reflect largely unremarkable findings, such as appropriate and cooperative behavior, intact memory, and fair to good judgment and insight. (*See* R. 462, 619, 630, 1472, 1543-44.) Additionally, as observed by ALJ Barnes-Williams, Forson admitted to living alone, taking care of himself and his pets, driving, preparing meals, grocery shopping, bowling, and performing housework and yardwork. (*See* R. 25-26, 30, 32, 66-67, 239-40, 1472, 1541.) Forson testified that he drove to the 2017 Hearing, attends church once per month, and periodically stops by the Elks Lodge and drinks a couple of beers and throws darts for approximately one to one and one-half hours. (*See* R. 25, 39-40.) Many of Forson's admitted activities involve being around other people and/or reaching out in front of his body. Forson's admitted activities are seemingly inconsistent with his argument that he is too disabled to work, in part, due to neck pain that causes him difficulty reaching out in front of his body and disabling anxiety and PTSD when he is around groups of people. Indeed, "[t]he aforementioned activities are inconsistent with the claimant's allegation of either physical or mental disability." (R. 66.); *see* 20 C.F.R. § 404.1529(c)(3)(i); SSR 16-3p, 2016 WL 1119029, at *7 (listing a claimant's daily activities as a factor to consider in evaluating the intensity, persistence, and limiting effects of symptoms).

Although it is clear that Forson has physical and mental limitations, substantial evidence supports ALJ Barnes-Williams's decision to only partially credit Forson's subjective symptom allegations by limiting Forson's RFC to a reduced range of light work. Additionally, ALJ Barnes-Williams did not err in failing to discuss limitations related to side effects from taking medication, an allegation that Forson presents without citing objective medical evidence sufficiently showing that he complained of and actually suffered side effects from his medications that affected his ability to work.[2] *See Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010) (noting that "the claimant must introduce evidence supporting her claim that her symptoms (including any medication side effects) make her unable to work"); *see Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 904 (11th Cir. 2011) (holding ALJ was not required to inquire in detail or make findings about claimant's alleged side effects because claimant was represented by counsel at his hearing and the record did not include evidence that claimant experienced side effects from his medications). ALJ Barnes-Williams complied with relevant regulatory and other criteria and sufficiently identified and considered evidence in support of her evaluation of Forson's subjective complaints. Upon review of the record, substantial medical and other evidence supports ALJ Barnes-Williams's decision to discount Forson's subjective complaints.

3. *The ALJ's Residual Functional Capacity Assessment*

Forson maintains that "[s]ubstantial evidence does not support [ALJ Barnes-Williams's] RFC as the objective medical record shows that [Forson] has neither the mental nor physical ability to perform even sedentary work." (Doc. 37 at 33.) Purportedly, "[i]n determining that [Forson] has the RFC to perform light work with additional limitations (R. 60-61), [ALJ Barnes-Williams]

---

[2] During the 2018 Hearing, Forson testified that he has had short-term memory problems in response to the question of whether he was having any serious medication side effects from any medication he was taking. (*See* R. 38.)

failed to follow SSR 96-8p" and "fails to adequately consider that [Forson] has structured his life to minimize both his stress and physical demands due to his chronic pain, PTSD, and depression." (Doc. 37 at 33.) As grounds therefore, Forson alleges that "in giving the opinion of the State agency psychological consultant, who found that [Forson] did not have a severe mental impairment, no weight (R. 66), [ALJ Barnes-Williams] had no medical basis in crafting the mental portion of her RFC, which found Plaintiff capable of simple, routine and repetitive tasks." (Doc. 37 at 24 (citing R. 60-61)).

When assessing a claimant's RFC, the ALJ is not required to base the RFC finding on a doctor's opinion; rather, the ALJ formulates the RFC after an evaluation of the relevant evidence in the record. *See Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014). SSR 96-8p requires that an ALJ's RFC assessment be based on all of the relevant evidence in the case records and that, ordinarily, RFC is an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, which is defined as eight hours a day for five days a week or an equivalent work schedule. *See* SSR 96-8p, 1996 WL 374184, at *2, 5. It is the effects of the impairments on a claimant's ability to work, rather than the diagnosis, that determines disability. *See Davis v. Barnhart*, 153 F. App'x 569, 572 (11th Cir. 2005).

ALJ Barnes-Williams determined that Forson has the RFC to perform light work with additional limitations (*See* R. 60-67). ALJ-Barnes Williams specifically states,

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a range of light work as defined in 20 C.F.R. 404.1567(b) and SSR 83-10. He can frequently lift and/or carry 10 pounds and occasionally lift and/or carry 20 pounds. He can sit up for up to 6 hours out of an 8-hour workday, and he can stand for up to 6 hours out of an 8-hour workday with the ability to alternate sitting and standing every 30 minutes for a 3-5 minute period to adjust positions without leaving his workstation. He can occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds. He can never balance or crawl, but he can occasionally stoop, kneel, and crouch, and he can frequently reach. He should avoid overhead reaching, and he can frequently handle and finger.

> He should avoid extreme cold weather, humidity and excessive vibration. He can perform simple, routine and repetitive tasks, which may require detailed instructions but do not involve complex tasks.

(R. 60-61.) Physical examinations, discussed *supra*, showing Forson retained full muscle strength, exhibited a non-antalgic gait, and had a generally normal range of motion in his extremities, supports ALJ Barnes-Williams's RFC findings. Although Forson complained about ongoing neck pain and extremity numbness, nerve conduction studies were normal and medical evidence shows that there was no structural basis for Forson's neck pain. Additionally, evidence indicates that Forson obtained some relief from medications and the use of a TENS unit. (R. 63-64, 378-79, 393, 917, 1450). Also, as previously noted, Forson admitted to performing numerous activities, like housecleaning, yardwork, driving, and bowling sessions, which provide additional support for ALJ Barnes-Williams's RFC assessment.

In addition, ALJ Barnes-Williams properly acknowledged the opinion of the state agency psychological consultant that Forson had no severe mental impairment and explains that evidence received at the hearing level supports a finding of severe mental impairments. (R. 66.) ALJ Barnes-Williams's mental RFC finding is supported by substantial medical evidence. (*See* R. 60, 65-66, 462, 619, 630, 1472, 1541-44.) ALJ Barnes-Williams, tasked with weighing and considering the medical evidence of record, was not required to base Forson's mental RFC on a doctor's opinion. *See Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (noting that, even if the non-examining doctor was unable to review all the medical records, the ALJ, who made the ultimate determination on the RFC, had access to the entire record). Further, ALJ Barnes-Williams sufficiently accounted for Forson's mental limitations by limiting him to simple, routine, and repetitive tasks that may require detailed instructions, but do not involve complex tasks. (*See* R. 58-61); *see Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011) (when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled

light work, despite moderate limitations in concentration, persistence, or pace, then a hypothetical limiting the claimant to only unskilled work sufficiently accounts for such limitations). Forson fails to show that he is more limited than found by ALJ Barnes-Williams, and ALJ Barnes-Williams's finding that Forson can perform a reduce range of light work is supported by substantial evidence.

## IV. CONCLUSION

Each of ALJ Barnes-Williams's findings is supported by substantial evidence, and ALJ Barnes-Williams applied the proper legal analysis to Forson's disability claims. Accordingly, after review of the record as a whole, taking into account evidence both favorable and unfavorable to Plaintiff Michael L. Forson's claims, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. United States Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 38) is **REJECTED**.

2. The Commissioner's final decision in this case is **AFFIRMED**.

3. The Clerk of the Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on this ___6___ day of February, 2020.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record